

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RECEIVED**

APR 1  2008  *aew*
APR 1  2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 1   2008

Bobby Lee Harrison
_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

COUNTY OF COOK, ILLINOIS
THOMAS DART
SALVADOR GODINEZ
V. ALEXANDER
L. HOPPER
CARMELLA K. RICHARDSON
MARETTA C. LAKE & JONES

(Enter above the full name of ALL
defendants in this action. <u>Do not
use "et al."</u>)

**08CV2140**
**JUDGE KENNELLY**
**MAG. JUDGE MASON**

Case No:_____
(To be supplied by the <u>Clerk of this Court</u>)

JURY TRIAL DEMANDED.

**CHECK ONE ONLY:**

✓    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
      U.S. Code (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
         28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

    A.    Name: _Bobby Lee Harrison_

    B.    List all aliases: _____

    C.    Prisoner identification number: _2004 007 2892_

    D.    Place of present confinement: _Cook County Corrections_

    E.    Address: _2600 S. California Avenue Chicag, Illinois 60608_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: _County of Cook, Illinois and Thomas Dart, in his individual_

        Title: _and official capacities as Sheriff of the Cook County Corrections_

        Place of Employment: _County of Cook, Cook County Corrections._

    B.    Defendant: _Savador Godinez, in his inividual and official capacities_

        Title: _as Executive Director, Supervisor of the Cook County Corrections_

        Place of Employment: _Cook County Corrections._

    C.    Defendant: _V. Alexander, in her inividual and official capacities_

        Title: _as Assistant Administrator of the Cook County Jail Law Libraries_

        Place of Employment: _Cook County Corrections._

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

Plaintiff (s):

A. Name: _____ Bobby Lee Harrison _____

B. Date of Brith: _____ December 26, 1952 _____

C. List all Aliases: _____ Ace _____

D. Prisoner identification number: 2004 007 2892 _____

E. Place of Present Confinement: Cook County Correction

F. Address: 2600 S. California Avenue, Chicago, Illinois 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name name, date of brith, aliases, ID number, place of confinement, and current address according to the above format on a separate sheet of paper).

Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her officil position in the second blank, and his or her place of employment in the third blank. Space for three additional defendants is provided in B and CE).

A. Defendant: L. HOPPER, in her inividual and official Capcities as ●
   Title: Supervisor of the program Services, of the Cook Jail
   Place of Emolyment: Cook County Corrections

B. Defendant: CARMELLA K. RICHARDSON, in her inividual and official Capacities
   Title: as librarian of the divison 1 Lawlibrary
   Place of Employment: Cook County Corrections

C. Defendant: MARETTA C. LAKE, in her inividual and official Capacities
   Title: as librarian of the divison 8 Lawlibrary
   Place of Emolpyment: Cook County Corrections.

D. Defendant: Ms. JONES, in her inividual and official Capacities
   Title: as librarian of the divison 1 & divison 10
   Place of Employment: Cook County Corrections

E. Defendant: _____
   Title: _____
   Place of Emolyment: _____

3

## III.    Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES (✓)  NO ( )  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES (✓)  NO ( )

C.    If your answer is **YES**:

1.    What steps did you take?

I filed first & Change of Command

2.    What was the result?

No response or referral

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

Yes, I appeals referral, or not an adequate answer

D.    If your answer is **NO**, explain why not:

I aways appeals, but I didn't always get an response.

Revised: 7/20/05

E.   Is the grievance procedure now completed?   YES (✓)  NO ( )

F.   If there is no grievance procedure in the institution, did you complain to authorities?   YES (✓)  NO ( )

G.   If your answer is **YES**:

1.   What steps did you take?

There is an grievance procedure, but I also Complained to the authorities, and written letters to the Administrators

2.   What was the result?

No adequate response

H.   If your answer is **NO**, explain why not:

5

IV.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.    Name of case and docket number: Bobby Lee Harrison V. HORAN & HORAN Interprise    06C4730

B.    Approximate date of filing lawsuit: Aug. 31, 2006

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: ACE First & only Bobby Lee Harrison

D.    List all defendants: HORAN & HORAN Interprise

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF Illinois

F.    Name of judge to whom case was assigned: Judge DER-YEGHAYAN

G.    Basic claim made: _____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): This was dismissed, and was not appeal due to being incarcerated, and lack of informations.

I.    Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

Bobby Lee Harrison v.

A.   Name of case and docket number: County of Cook, Illinois, and THOMAS DART, in his official capacity as sheriff Cook County Jail

B.   Approximate date of filing lawsuit: Jan. 17 2007

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: ACE First & only Bobby Lee Harrison

D.   List all defendants: COUNTY OF COOK, THOMAS DART.

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS.

F.   Name of judge to whom case was assigned: THE Honorable Matthew F. Kennelly

G.   Basic claim made:

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): This Case is still pending

I.   Approximate date of disposition:

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

List ALL lawsuits you (and your Co-plaintiffs, if any) have filed in any state or federal Court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: __08C 0920__

B. Approximate date of filing lawsuit: __February 13, 2008__

C. List all plaintiffs: (if you had Co-plaintiffs), including any aliases: ____

____

D. List all defendants: COUNTY OF COOK, ILLINOIS
   THOMAS DART, SALVADOR GODINEZ and CHESTER PLAXICO ____

E. Court in which the lawsuit was filed (if federal Court, name the district; if State Court, name the County): U.S. STATE DISTRICT COURT N. DISTRICT OF Illinois E.D.

F. Name of Judge to whom Case was assigned: The Honorable Matthew F. Kennelly

____

G. Basic Claim made: ____

____

____

H. Disposition of this case (for example: Was the Case dismissed? Was it appealed? Is it still pending?): This Case is STILL pending. ____

I. Approximate date of disposition: ____

Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, date, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as need. Attach extra sheets if necessary)

Plaintiff Bobby Lee Harrison, ID#. 2004 007 2892 Respectfully bring this Complaint against the Defendants Cook County of Illinois (Cook County) and Thomas Dart in his individual and official capacities as Sheriff of Cook County Jail. Savador Godinez, in his individual and official capacities as Executive Director, Supervisor of the Cook County Jail. V. Alexander, in her individual and official capacities as Assistant Administrator of the Cook County Law libraries Supervisor. L. Hopper, in her individual and official capacities as Supervisor of the program Services of the Cook County Jail. Law libraries. Carmella K. Richardson, in her individual and official Capacities as divison 1. Law library. Clerk of Cook County Jail. Maretta C. Lake, in her individual and official capacities as divison 8. Law library Clerk of Cook County Jail. Ms. Jones, in her individual and official capacities as divison 1. Law library Clerk, of Cook County Jail.

The Plaintiff, is a Citizen of the State of Illinois, born December 26, 1952, and 55 years old. He is indigents, and he is a pretrial detainee currently in the Custody of Cook County Jail located at 2600 S. California Avenue Chicago, Illinois. The Plaintiff was admitted to the Cook County Jail divison 8-R.T.U. on September 7, 2004. Around September 21, 2004 he was transferred to divison 11, until September, 2006 he was transferred to divison 1. In July 2007, he was transferred to divison 10, until September 24, 2007 he was transferred to Cermak Hospital for a one day double hernias Surgery. On September 25, 2007 he was transferred to divison 8-R.T.U. until October 16, 2007 he was transferred back to divison 10 where the plaintiff is currently being held and has remained in Custody during the time of the events set forth in this complaintiff. Pretaining to inadequate Law libraries, inadequate Services, being deprived of the basic human need denied access to the Courts, unconstitutional acts. Harrassment and interfering with the legal process.

9

These deprivation has hendered and has became a threat to my well-being in preparing for a proper defense. Social worker Dean, in the divison 1, has deprived me of adequate services, by refussed to allowed me to file grievance on the law library Clerk Mrs Richardson. Sometime when I filed a grievance against the librarian Mrs. Richardson, Mr Dean, wouldn't submit them, nor returned the copy back to me. On March 23, 2007 I filed a grievance against Mr Dean, for his miscon-duct, and he was put on restriction for his action, by his Supervisor Mr. LeRoy warren. I've been denied postage over 20 or more times between August 2006 and Septembe 2007. On some occasions I had important materials to mail to the Circuit, Appellate, Federal, and the Supreme Courts. for example, around October, and November 2006 I requested postages from the librarian Ms. Lake, On four or five occasions and she denied me the postages on each occasion. The lady was rude and very unprofessional. I told Ms. Lake, that I needs the postages to mail some materials to the Federal Court before the deadline, that I was indigent and didn't have the funds to pay for the postage. She said like I say I don't have any postage. I asked her do she know when she might have some postage. She repeat herself repeatedly like I say, I don't have any postage, and don't ask me anymore. If you speak to her, she say don't speak to me. The lady was very aggressive, bad tempered, and very unpleasant to be around. The facts is she is the worse out of all the librarians. When my social worker Mrs/Ms. Vaughn, came to the tier 2-G I told her how un-considering Ms. Maretta C. Lake, was and how she treated me, that she has denied me postages on each occasion I asked her, and that how importance the postages is to me, so I could meet the court deadline. I pleaded to social worker Ms. Vaughn, to go to the law library for me to see will Ms. Lake, give her the postages for me. Ms. Vaughn, agreed to go to the Law library for me, after I just beed demded postage. Ms Lake, gave the postages to Ms. Vaughn. Ms. Vaughn, returned it back to 2G tier and gave me the postages, and I signed for it. I said See Ms. Vaughn, Ms Lake had the postages all the time. I asked Ms. Vaughn, did She have a problem getting the postages from Ms. Lake? Ms. Vaughn, said no, she just gave it to me. I filed a grievance on Ms. Lake, in August, 2006 and gave it to Sargeant Taylor, he threw it away. I refiled the grievance in Septkmber 2006. I have a court order to go to the Law library for 2 days a week. I been called late to the library over 20 times. Some weeks or months I was not call at all to the library. for example, from June - July 2007. I was only called to the library around 3 times. Mrs. Richardson, said it was the security faults for calling me late. I said who faults for not calling me at all. No response. Around 7/23/07  I filed a grievance on the security

I was in div. 1 from Sept 2006 until July 2007 Div. 1 was built in 1929 and has fallen below the Constitutional Standards. The Div 1. library is located in the tunnal area and the tunnal leaks when it rains. It leaks on the lawlibrary Counter, tables, desk, floor, and on some of the legal books in the library. The library has numerous leaks and may legal documents were destroyed on several occasions. I spoke to the librarians numerous times pretaining to this issue, Mrs Richardson said there's Nothing she Can do about the leaking. I wrote a grievance & appeal on the leaking matter because it also leaks on our food trays Storage in the tunnal. It's only but 1 Photocopying machine, 2 type writers and one of them doesn't work proper. Mostly, all of the books are old, and pages tored tored out of them. There's no book Checkout, nor book mobile System in the Cook County Jail. The librarians are unprofessional and give inadequate assistance. There's not but one Clerk who works in the div. 1 library, and Sometime one detainee which is not trained to help other detainees. There's no grievance photocopying and only allow 60 free Photocopies, additionally Photocopying is 5 cent per page. Supplies: 2 sheets of typing paper and 1 envelope. I section just last for an hour and a half. This type of restriction and deprivation has deprived me of access to the Courts. For example, On Aug.31, 2006 I filed a Civil Claim in the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. Harrison v. Horan & Horan Interprise. On Oct. 26:06 I filed a motion leave to file an Amended Complaint and a reConsideration Motion were filed. On Dec. 13 2006 said: dismissed the instant action for failur to State a Claim upon which relief may be granted as to Plaintiff's Section 1983 Claim and declined to exercise Supplemental Subject Matter Jurisdiction. Additionally, we have denied Harrison Motion to reConsider. Thus, Harrison's Motions for leave to file an amended Complaint all are dénied Feb. 13 2007.

Unfortunately, I was late to filed the reconsideration motion due to the evidence was un-available in the lawlibrary I was denied postage to send my Materials to the Court, that the inadequate lawlibrary along with the indequate Services caused me to missed the deadline which automatically became a Rule 60(B) Motion "Tulano V. North Westerm Med faculty found, Inc 273 F.2d 757,762 (7th Cir. 2001). On April 16, 2007 Supervisor Mrs. Hopper, Came to the law-library in divison 1. and spoke to me in personal. She said why are you filing all those grievance On the Lawlibrary? I told her that I was not able to prepare for my Civil suit, I filed in August 2006, due to the deprivation and inadequate lawlibrary subsequently pags torned out of legal books and denied of postages which hendered me from getting the materials to the Court. I was unable to prepare a proper motion in my Criminal Case in March 2007 to the Appilate Court because the Computer was broken, and remained broken down for around 4 months. Therefore, I was unable to properly responed to an Appilate Motion, that the North Easten JURS-DICTION law books at divison 1. lawlibrary were too old and didn't go up high enaught for citing an response (People V. Salgado 353 Ill. App.2d 101. 817 N.E.2d 1079. 2004). Ms. Hopper, said I told Mrs. Richardson, that she could forward the detainees Materials to her for copying. I told Mrs. Hopper, that Mrs. Richardson, didnt tell me anything about sending Copies to her office, nor did she have anything posted in the Lawlibrary stating that detainees Could get Copies elsewhere. On April 24, 2007 I spoke to Mrs. Richardson, pretaining to what Mrs. Hopper had said Mrs. Richardson, said Mrs. Hopper didnt tell her anything about getting the detainees Materials Copies until April 2007 the week before the Computer was fixed and that she told the detainees when she was told. Myself personally, I was never told by Mrs. Richardson, nor by Mrs. Hopper, that I could get Copies eles where. I stood-up in the Lawlibrary and made an announcement on April 24, 2007. I said; May I have your attention please! while the Computer was broken down for around 4 months, did anyone tell you that you could get legal document copies elsewhere? All of the detainees said no, that no one told them any-thing about getting Copies elsewhere.

12

In September 2006 Plaintiff attempted to file a Motion for Substitution of Judge. Plaintiff did some researchs in the divison 1 lawlibrary and determined all 3 of the Motion books in the Lawlibrary pretaining to Substitution of Judge and Change of Venus Section was missed. I spoke to the librarian Mrs. Richardson, I told her about the missing Section in all three books, and I asked her did she have any other information or materials on Substitution of Judge? She said she didn't have anymore Materials on that. In December 2006 I spoke to Judge Simmons, in the Circuit Criminal Court in room 103 about the inadequate lawlibrary. I told Judge Simmons, that I was unable to file a motion that I needed for the Criminal Court, and that the County don't always honor the Courtorder she issued to me. Judge Simmons, said that was the disadvantaged for being Pro se, that there was nothing she could do about the lawlibrary in the County Jail. I requested a motion for Substitution of Judge from the Criminal Court. The State's Attorney Ms. Martin, said the Court doesn't have that type of documents, that I could the motion [write] on a sheet of paper, put Substitution of Judge and the grounds. On January 12, 2007 Plaintiff filed a motion for Substitution of Judge. On January 24, 2007 the Motion was denied by the Circuit Court Criminal Judge Honorable Thomas P. Panichi. On February 5, 2007 plaintiff filed a notice of appeal to the Appelate Court of Illinois. State Appellate Defender was appointed to represent the Plaintiff. On March 8, 2007 The Appellate Court of Illinois dismissed the Plaintiff Appeal. On April 12, 2007 the petition for rehearing was denied.

In May 2007 Plaintiff attempted to filed a Petition for Leave to appeal to the Supreme Court, Attorney General of the State of Illinois, and the State's Attorney of the County. I asked Mrs. Richardson, for around 2 weeks straight for some postages to mail the materials to the Courts. She denied me the postages. Her usual saying I have it's the following week. On May 11, 2007 I told Mrs. Richardson, that it was real urgent that I get this postages to mail some importance Materials to the Courts before the deadline. She said there's nothing she could do about it. I said, for the last 2 to 3 visits to the Lawlibrary that you usual says the same thing, that you would have postages on the following week.

I asked Mrs. Richardson, would she sign a AFFIDAVIT, so I could present it to the Courts, just incase I was late mailing the materials, that I would have proof to show the Courts, why I'm late? She agreed. I filling out an AFFIDAVIT, she notarized and dated it. Afterward, I noticed that she had put the wrong year on it. Her, notrayed public dated were 11, May 2005, the correct year is 11, May 2007.

In May, 2007 I wrote a letter to the Supreme Court explained the status of the inadequate Law libraries at the Cook County Jail is experiencing problems with it's computer systems and lacks the books that would aid in case study or researchs for a motion for Leave to appeal and requested additional time if needed.

In May, 2007 I filed a petition for leave to appeal to the Supreme Court of Illinois, Attorney General of the State of Illinois and to the State's Attorney of the County. On September 26, 2007 the Supreme Court of Illinois denied the petition for leave to appeal. The denial stated the mandate of this court will issue to the Appllate Court on November 1, 2007. On Friday October 12, 2007 I went to the divison 8. Law library to get a motion for rehearing notarized. There, I spoke to the librarian Mrs/Ms Maretta C. Lake I asked her about getting a motion for rehearing notarized for the Supreme Court of Illinois. Ms. Lake said what good is that going to do, the Supreme Court of Illinois has already denied your motion. I said I know that, but I have a right to file a rehearing to be consider. Ms Lake said they're not going to reconsidering your motion. I said you don't know that. She said that isn't all I know, I also know that the mandate will be issue to the Appllate Court on November 1th, 2007. I said, how do you know that? She smile, and said I've been checking up on you. I am working on you a court date right now, and you are going back before Judge Simmons, I said what do you have to do with my court date? She smiles again, and said, you will see. Officer Stantion was sitting there, he heard the whole conversations. On October 15, 2007 I appeared before Judge Simmons, un-expected. Judge Simmons, seem surprised. She didn't know the status of my case. The State's Attorney pulled out a strap piece of paper and said your honor, the Supreme Court denied Mr. Harrison motion for leave to appeal on September 26, 2007 and will issue the mandate to the Appellate Court on November 1, 2007. Judge Simmons, said I'll wait until the mandate is issue, and then I will set the defendant a court date.

I spoke up! Your Honor, I went to the Jail Lawlibrary on Friday October 12, 2007 to get a Supreme Court motion notarized and the Jail Clerk, Ms. Lake, said she was working on me a Court date, what does the Jail Clerk, got to do with getting me a Courtdate? Judge, Simmons, said the Jail Clerk dosen't have nothing to do with getting you a Courtdate. Plaintiff alleging that the librarian Ms. Lake, is interfering with the legal process elaborating with the State's Attorney out of evil intent, harrassing me because I wrote her up around a year ago for her unparfessional behavior and inadequate services, she displayed the grievance. For example she posted the grievance on her desk for weeks, so everyone who came into the Lawlibrary could see it. The lady is Strange, and the worse librarians in the Cook County Jail. Most of the detainees in the Cook County Jail, knows about this lady. The Lady is Arogant, bad temper and unpleasant to be around. On October 15, 2007 I spoke to Cpt. Harris, in the divison 8, when she came on tier, I told her that the Lawlibrary Clerk Ms. Lake, is picking on me, Cpt. Harris, said Ms. Lake, is a Sweet lady. I said she may be sweet to you and the other County members, but to the detainees her appearance is a whole different story very unprofessional, rude, and bad temper and matter of fact, she the worse out of all the Clerks. Cpt. Harris, said I don't believe that. I said would you like to know what she did to me? Cpt. Harrison said I don't want to hear it. I said Captain Harris, you can ask anyone on this deck, and they will tell you about Ms. Lake? The detainees start coming up one by one talked about Ms. Lake, how rude and disrespectful she was. Captain Harris, walked away. The next day October 16, 2007 I was banked to general population. I told the tier officer, that I just recent has an hernias Surgery on September 24, 2007 and I have not healed complete, Nevertheless I was banked anyway to general populations and forced to carring my heavy property bags. On information and belief that Captian Harris, and Ms. Lake, had something to do with me being moved, which resulted into having complication with my double hernias surgery. I also take six type of different medications on the daily basic. I was transferred to divison 1, none medical deck. ♥

On November 1, 2007 I appeared before Judge Simmons, again in Court room 103. Judge Simmons, said I've been waiting all day On the Supreme Court to hand-down the mandate to the Appelant Court, that it's was supposed to be handing down today On November 1, 2007, Now, I will wait until the mandate is handing down, that I will set Mr Harrison a Court date. I blame Ms. Muretta C. Lake for the inconvenience for interfering with the legal process.

15

On October 24, 2007, I was called to the divison 1. Lawlibrary. There, I spoke to the librarian Mrs Richardson. I asked her did she have any postage, that I needs it for my legal Mails? She said yes I have postage, but I got to call the social worker first to check your account, to make sure you are indigent. I gave the Assistant Clerk Ms. Jones some legal Materials pretaining to the Lawlibraries Law-suit to get some photocopying. The letter I wrote to the Clerk of U.S. DISTRICT COURT was included. Ms. Jones, read the intire letter while I stood there and watchs her. After she finished reading the letter, she handed it back to me, she gave me a evil looks, and said "i'm not going to copy that." I said why not, are you denying me photocopies? She said well, I got to let Mrs Richardson, see it first, before I give you any copying, and she asked for the materials back. I told her to forget about it. Mrs. Richardson, said Mr Harrison, can I see the letter? I said no, I refused to show the letter to Mrs. Richardson after Ms. Jones, had stood there and read the whole letter. I noticed Ms. Jones discussing the matter with Mrs Richardson. I asked Mrs. Richardson, could I get some postage? She said I checked your account and you have one dollars and fifty cent on your account, you are not qualify to get postages. I said Mrs Richardson, one dollar, and fifty cent is not enought money to buy a book of stamps off the comisary, that I was told by another librarain a detainee is qualifie if he have 2 dollars and under on the book. Mrs. Richardson, said I don't want to get into any trouble, I'll called someone else to check. I waited for a while, and I asked Mrs. Richardson, against pretaining to the postage. She said I have not talk to anyone else yet, that I will talk to my Supervisor first, and when I call you back for the second section at 12 0 clock, I will let you know then. 12 0 clock passed and no call-back. On October 25, 2007 I was called back to the divison 1. Lawlibrary. There, I spoke to Mrs. Richardson, again pretaining to the postage? She said her supervisor Mrs. Hooper, said that I got to have 1 dollar and under to get postage, that I have one dollar and fifty cent on the book. I handed the librarian Ms. Jones page 17 to my libraries complaint, that needs 9 photocopies of page 17? Ms. Jones, read the intire page 17, and handed it back to me. She said, I am not going to copy a grievance. I said this is not a grievance, this is page 17 to my civil-suit.

51                                              16

She said I don't Care I'm not Copying that. I said, that means you are denying me Services. She said yeah! I said you know you are leaving yourself open to be added on as a defendant's, she said it's OK, just make sure you put "s" on Jones(s) that I don't have anymoney. I asked Mrs. Richardson, would she give me the photocopies? Mrs. Richardson, said yeah! Ms. Jones, spoke up again in a high tone voice, I am running this Copying Machine, and I said no! Mrs. Richardson, said Ms Jones, Mr. Harrison, is only refering to what happened yester, and Mr. Harrison, is right that is not a grievance he want you to Copy. Ms. Jones, said I don't Care, he should n't said, I gave him a evil looks. I said, Ms. Jones, you did give me a evil looks. She said, I'm not copying it. I said Ms. Jones, I remember you from divison 10 Law-library, and you denied me photo copying there. She said I was told not to Copy Stuff like that. Before leaving the divison 1, Lawlibrary I reminding Mrs Richardson, again about the photoCopyles. She said, I got to check with my supervisor on that issue. Apparently, she had a Changed of mind.

Around the first week in November, I showed the Lawlibrary Clerk Mrs. Richardson, in the divison 1, Lawlibrary a Supreme Court letter addressed to me, date October. 25, 2007 an denial for my motion for reConsideration. I asked the Clerk to read the letter to explains to me what kind of draft I need to file? She read the letter and said, you needs Cerlicate of proof and draft. She said I think I have a Certifi-Cation of proof for you, that she would Check to see before I leave the library. Shortly afterward Sargeant Halahann, inter the divison 1, Lawlibrary, he said Mr. Harrison, you're being transfer to the divison 10. I said, Mrs. Richardson, how about the form? She said Mr. Harrison, I Can't find it right now, that I will forward the Certification to you in divison 10. (She had me thinking I would receive it). I arrivered to the divison 10 the same day. The following Week I was Called to the divison 10 Lawlibrary. There, I spoke to the librarian Ms Sankey, I asked Ms. Sankey, did Mrs. Richardson forward any document to her to give me? She said no. I asked Ms Sankey. Would she read the Supreme letter, to see what I needs to file? She agreed, and read the letter. Afterward she said I guess you need a motion for Leave to appeal. I asked her do she have a motion for Leave to appeal? She said no but you can Check the motion books. I checked all 3 of the motion books, and determined that mostly all of the section for Leave to appeal were missed.

I asked Ms Sankey, would she cite me a case on the computer? She said the computer for the Lawlibrary were down, that all of the Cook County Jail Lawlibraries systems were down. I filed a grievance and appeal against the Lawlibrary. In October 2007 I filed a motion for leave to appeal, along with a letter requested adequate time to file a motion for reconsideration, that the Cook County Jail Lawlibraries was experiencing problems with it computer systems, in all divisons, that it's was very difficulty to do adequate researchs, and that I may have to contact other free Agencies outside of the Jail for assistances in litigating to prepare a motion for reconsideration. In November 2007, I received the finial response from the Supreme Court, it states; Today NOV.30,2007 the following order was entered in Captioned Case People State of Illinois, respondent v. Bobby Lee Harrison, pro se for Leave to file a motion for reconsideration of the order denying petition for Leave to appeal. (Motion denied ) Sign. Juleann Hornyak, Clerk of Court.

Denial Photo Copying, is denied access to the Courts. I was told by the librarians Mrs. Richardson, Ms. Lake, Ms. Sankey, Ms. Jones, Mr. Keel and Ms Gauthier And also the Socialworkers Ms. Butler, Mr. Dean, and Ms. Maretta C.Lake, that their Supervisors Ms Alexander, and Mr Mueller, told them not to copy photocopies of grievances from detainees. On August 7 or 8, 2007 Ms Sankey and the female officer Mrs. Brown, said the lawlibrary is not allowed to copy photo-copies of grievances. I told office Brown & the librarian Ms. Sankey, that I need these photocopies for a Civil Suit. Officer Brown, said grievance are not legal paper that grievance are internal documents and the Lawlibrary is not supposed to copy internal documents. I said you copy receipt and prescription document, what are the different? Ms Sankey said my supervisor said not to copying grievance. I said I challening your supervisor Mrs.V. Alexander, before in divison 1, pretaining to this matter through the administrative grievance Board and the Supervisor socialworker Mr.Warren, made it possible for me to get grievance photocopying for awhile. Mr Sankey, said I'll call my supervisor Mrs Alexander, and ask her what the Status on grievance photocopying and I'll let you know on your next visit to the Lawlibrary.

On August 14, 2007 I asked Ms. Sankey, what did her Supervisor say? Ms. Sankey, said my Supervisor said "absolutely no". I wrote Ms. V Alexander, up on August 24, 2007. On September 4, 2007 I spoke to Ms. Sankey again and she said you can get a copy. I told Ms. Sankey, a copy will not do me any good. She said well my Supervisor said you was not going to be please with the answer anyway. I also requested postages from Ms Sankey on four occasions. She said I'll give you the postages when my Supervisor give it to me. She said I've already notified the Administrative on several occasions about the postages.

My Social worker Ms. Butler, has denied me services on numberous occasions. I asked her to get photocopies for me on several occasions. I recent spoke to her in September 2007 to get me grievance photo copies. She said she was not allowed to get photocopies for detainees. I told her that I needs these photocopies for the court, that the librarians denied me copyies, and how am I suppose to get copies of grievances for the courts? She said I don't know. I said you are my socialworker, and you suppose to help me, that my socialworker Ms. Vaughn, in division 1 used to get me photocopyies of grievances when the librarians denied me. She said well, I can not do it. I said why not? She said because my Supervisor said not to. I said who do I suppose to talk to about this problem? She said I don't no. On numberous occasions Ms Butler, denied me grievance forms to file my complaint on. She usual say I don't have any, or you filed too many. I told her I always filed my grievances in good faith when my Constitutional rights being violated. I filed some grievances on regular papers when I was denied proper forms. for example, In August 2007 I filed around 5 grievances on regular paper and gave to Ms. Bulter, a few days later she returned them while I was locked in my cell, she gave the 5 grievances filed on regular paper to officer Carvajal, and told him to give them to me. officer Carvajal threw them away. On August 10, 2007 I filed a grievance officer Carvajal for his Unprofessional behavior. On August 31 and September 2, 2007 I wrote to Ms. Bulter Supervisors Mr. LeRoy Warren, and Mr. Mueller. I also wrote to the program services Ms. Carroll, and the Supervisor Administrator Ms. Alexander outlining the misconduct of socialworker Butler, and about the deprivation I've suffering for being deprived of basic Materials at my disposal. no response.

On Sept. 18, 2007 I requested PhotoCopies & postages from the lirarian Ms. Sankey, She told me that she didn't have any postage and she was not allowed to do PhotoCopies. I told her that I had requested Postage, on several occasions, and she never had any, that I needed the postage to Send a Claim to the Federal Court, She said I've made the administrators aware of this issue, and when I receive the postages you will get it. There were other indigents detainees in the Lawlibrary who also requested postages. Ms. Sankey, told them the Same thing. One of the detainee. got a little angery, and the Supervior Ms. L. Copper, was Called to the Lawlibrary in div 10. After they finished talking to Ms. Copper, I spoke to her. I told her that I had filed a Claim, that I was indigent and needed postage and grievance PhotoCopies to send my Case to the Federal Court. She said I don't have any postage, and you Can't get grievance PhotoCopies until You complete your Claim. I told Mrs. Ms. Copper, that I have Completed my Claim and I held it up. She said I got you the next time you came to the Lawlibrary. I said I need these PhotoCopies now to Send to the Court, that I've been requesting these element for a Month, and since you are not going to give me any postage, to mail this Materials, I'll see if I can borrow some postages from the detainees on the deck. She said I'd get you the next time. At the Same time, my Social worker, Ms. Butter, walk into the Lawlibrary with a grievance appeal on the Lawlibrary for me to Sign. It was About being denied of postages. I told Ms. Butter, of Course, I am going to appeal this issue, do you see what these people are doing to me, the Supervior Mrs. Copper, Standing over there, Just denied me postage and grievance Photo Copying. I made it Known on the appeal that the Supervior is in the Lawlibrary as I attemped to appeal this grievance, and that she was still denying me grievance Photo Copies & postages. The social worker said I don't have anything to do with that and she left shortly after, I asked Mrs. Copper again about the Photo Copying. She said ok Sit down, I'll be with you Shortly, had me thinking she was going to give me these elements. She waited until all of the detainees was leaving the Lawlibrary, and she Called me up. I handed her approximately 26 grievance & appeals. She looked at the materials and said all of these grievances is not pretaining to your Claim. She said I'm not going to give you any Photo Copies until I analyze your Claim. She said she would analyze it on my next turn in the Lawlibrary. The Security asked me to leave, that I heard, what the lady said. I have witnesses; Detainee Steve Jackson # 2006-0060297 was the detainee who got a little angery and the Supervior was called. Charles Hill # 2005-0091808 he heard the whole Conversation too. I noticed that Supervior Copper, gave detainee Steve Jackson his grievance Photo Copies for his Lawsuite, because his Lawsuit was pretaining to something else other than the Lawlibrary.

20

On November 4, 2007 I was called to the division 10 Lawlibrary. There, I spoke to the librarian Ms. Sankey, I asked the Clerk why I have not been called back to the Lawlibrary in the last passed two weeks? She said: you were scheduled for the Lawlibrary for the last passed two Tuesdays November 20, and November 27, but you were called to the dispensary instead, I said: I understand that the dispensary over ride the Lawlibrary, but I think you should had rescheduled me, because I do have a Court order for two days a week, that the Law library Clerk Mrs. Richardson, in division 1, usually would Commendated me on this issue when I had two appointments on the same day. She said I am not Mrs. Richardson, and this is not division 1. I said in otherward, that means whenever I am double scheduled on the day of the Library appointment, I'm going to lose out on the Lawlibrary for that week? She said yeah! Right after that Ms. Sankey, started passing supplies out to the detainees one envelope, one sheet, as I was two sheet of papers. She called my name, I told her I need a legal envelope. She said: what for? I said I need it to send a Complaint to the CLERK OF THE U.S DISTRICT Court. She said: let me see it? I handed the Complaint to her, she looked at it and passed it back to me. I asked her could I get some Copies of the Complaint and Copies of the grievances? She said yeah, but you got to get everythings Copied now. I asked her how many free Copies do I get? She said you get (60) free Copies. I said: I do get two Sections to day, right? She said yeah, you get (2) Sections to day, that you will come back again today at 12:00 noon for your Second Sections. I said, I would like to get half of the materials Copied now, and the other half Copied when I come back for the Second Section today? She said no, you got to get everything pretaining to the Complaint Copied now. I said, that don't make too much Sense, when I have another Section on the Same day, I don't see why you can not give me the rest of the Copies then. She said: like I said no, because my Supervisor Ms. Hopper, said, that you have to get everythings pretaining to that Complaint Copied right then. I said I can not hardly believe what I am hearing. She said that the way it is, and if you don't like it get in touch with Mr. Hopper. I said how am I going to do that? She said, you know how to, if you wanted to.

The Cook County Law libraries is inadequate, and Constantly out of postage, legal materials, pens to write with, and white-out to make correction for idigent detainees. In January 2008 the Law library Clerks Mr. Keel, and Ms. Gauthier, said Some are stole the white-out. Nevertheless, the write was never replace. In March 2008, I filed a grievance against the division 10 Law library for not providing white-out for the detainee to use when you make an erro, we are unable to correct it and are force to white the whole document over. We only allowed one & a half hour pre section, which hendered us inltigating our cases. Indigent detainees is allowed 60 free Chapter copies of legal paper, and additional Copies is 5¢ each. When indigent detainees get money in their account the County deducted the amount from your account. Myself personal I average around 30 dollars a month to buy my hygiene products. I can not afford to pay the additional price fees.

Around the first of January 2008 the County Changed the Computer System. The computer system the County have now is inadequate, It won't Cite out of State cases or Supreme Court cases. On February 24, 2008 I filed a grievance against the Law library. It States: on 2/15/08 I went to the division 10 Law library. There, I spoke to the Librarians Mr. Keel, and Ms. Gauthier. I asked Mr. Keel to Cite several cases to support of a Motion to suppress identification. Mr. Keel, attempted to Cite the cases, but was unable to due to the Computer System. He Said the Computer dont have but nine Sensors, and there's a lot of Stuff that the Law library is unable to assis into inltigating citing cases, etc. He Said he was unable to Cite Northern Western cases and out of State cases, that the Law libraries Systems is Junk. The detainees is hendered from the preparation and filing of meaningful legal document because we are note providing with adequate Law libraries or adequate assistance from people who are trained in the Law). All the detainees who use the Cook County Law libraries is Subjected to the similar treatment. (Therefore, the plaintiff is requested that this court to Certifie this case as a Class-Action under rules 23(A) & 23(b) for all detainees who are housing in the divisons 1 & 10 for now or in the furture that maybe incarcerated in these divisions seeking induction and seeking damages for the privations, emotional, physicial and Mental injucies denied access to the courts. That these defendants in this complaint be held liable for the damages ;in their individual & official fa- cilities & to appoint Counsel for plaintiff(s). And to Calculate .... the amount. If not plaintiff, will sue single

22

The County jail don't allow detainees to receive newspapers. Newspapers is educational, and can be consider as protected materials. Detainees needs newspapers to keep up on what happening in the free world, because television is no substitute for newspapers. The jail policy permits the detainees to receive similar materials. For example, Magazine, books and similar papers. Upon information and belief said detainees use newspapers to start fires with, and to clog up the drain systems. If that the case, detainees could use similar materials for that propose. I filed a grievance on this issue around a year ago, no adequate response. I filed another grievance against this issue on March 16, 2008. Asked the County to allow the detainees to receive newspapers. I am Oringally from the State of Georgia, and Majority of the jails there allowed detainees to receive newspapers.

---

FN1. The district court ordered that the State provide and keep current the following books: ~~the Code; Title R~~ Illinois Code; Illinois Reports; United States Reports, from 1962 to present; Federal Reporter Second Series, beginning with Volume 273; portions of the United States Code Annotated, including Federal Rules of Appellate procedure and Federal Rules of Evidence; Appellate Rules of the Ninth Circuit Court of Appeals; Local Rules of the Circuit Court appeals; Local Rules of the United States District Court for the District of Illinois; various Nutshells on procedure, civil rights, Criminal law, Constitutional law, and legal research; West Pacific Digest Second Series; various volumes of Federal practice & procedure; Manual for Complex Litigation Pamphlet Subscription; Federal practice & Procedure Criminal pamphlet; West Federal Practice Digest 2d; Pacific Digest Second Series; Federal Supplement, beginning with volume 482. & Ill. Legislative Service Manuel West-Editor(s)   Public Act 89-429.

BRIEF

# CAUSE OF ACTION

BOBBY LEE HARRISON
       Plaintiff

   v.

COUNTY OF COOK, ILLINOIS, and

THOMAS DART, in his official capacity, as Sheriff of the Cook County, Illinois;

SALVADOR GODINEZ, in his individual and official capacities, as Executive Director of the Cook County Jail

V. ALEXANDER, in her inividual and official capacities as Assistant Administrator of the Cook County Jail Law libraries.

L. HOPPER, in her inividual and official capcities as Supervisor of the Program Services of the Cook County Jail.

CARMELLA K. RICHARDSON, in her inividual and official capacities, as the librarian of the Division 1 Law library of the Cook Count Jail.

MARETTA C. LAKE, in her inividual and official capacities, as the librarian of the Divison 8 Law library of the Cook County Jail

Ms. JONES, in her inividual and official capacities as the librarian of the Divisons 10#1. of the Cook County Jail.

## JURISDICTION

(1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisiction under 28 U.S.C. Section 1331 and 1343(a)(3), 1367. The plaintiff seeks declaratory and injunctive relief and damages for unconstitutional acts that deprived plaintiff of due process guaranteed to him by the Fourteenth Amendment to the United States Constitution, and that violated Illinois law.



## VENUE

(2) The Northern District of Illinois Eastern Divison is an appropriate Venue under 28 U.S.C. Section 1391(b) 2 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

(3). Plaint Bohby Lee Harrison, is currently andetainee at the Cook County Corrections (The Corrections). He is a pretrial detainee.

(4). Under Illinois Law defendant Cook County is responsible for conditions and operations at the Cook County Corrections.

(5). Defendant THomas DART, is sheriff of Cook County. Dart is responsible for conditions an operations at the Corrections. Dart, is also a final policymaker for defendant Cook County. He is sued in his individual and official capacities.



(6). Defendant Salvador Godinez, is Executive Director of the Cook County Corrections. Godinez, is responsible for the overall operation and supervising the Corrections staff. and maintaining detainees safety and security. He is sued in his individual and official capacities.

(7). Defendant V. ALEXANDER, is Assistant Administrator of the Cook County Jail Law libraries. Alexander, is responsible for supervising the Law libraries staff, and responding to detainee requests. She is sued in her individual and official capacities.

(8). Defendant L. HOPPER, is supervisor of the program services of the Cook County Jail Law libraries. hopper, responsible for supervising the Law libraries staff, and suppling the Law libraries with legal materials, and also responding to detainee requests. She is sued in her individual and official capacities. She also responsible for schedule detainees for the Law library.

(9). Defendant CARMELLA K. RICHARDSON, is librarian of the Cook County Jail Law library for divison one (1). Richardson, is responsible for assistance the detainees in the Law library, and responsible for calling detainees to the Law library. She is sued in her individual and official capacities.

(10). Defendant MARETTA L. LAKE, is librarian of the Cook County Jail Law library for divison 8. Lake, is is responsible for assistance the detainees in the Law library and responsible for calling detainees to the Law library. She is sued in her individual and official capacities.

(11). Defendant Ms. JONES, is librarian of the Cook County Jail Law library for divisons one & Ten(1 & 10) JONES, is responsible for assistance the detainees in the Law library and responsible for calling detainees to the Law library. She is sued in her individual and official capacities.

(12). At all times relevant to the events described herein, all the defendants have acted under color of the Law of state law. Defendant Cook County, Dart, Godinez, and V. Alexnder continue to act under Color of state Law.

## FACT & CAUSE OF ACTION

A. County of Cook, Thomas Dart, Violated the plaintiff fourteenth Amendment by failing to provide an adequate Law labraries. The Sheriff knew about the inadequate Law libraries by numer of Law-suits and Complaint filed against Cook County Law libraries. Defendant did nothing after that to established an adequate Law libraries, and resulted into a denial access to the Courts - amount to deliberate indifference.

[3][4] Acess to Courts is protected by the first Amendment right to petition. Jackson v. Prisoners 695 retain their Constitutional right to Courts access, and that access must be adequate, effective and meaningful. Bounds v. 430 u.s. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

The Sheriff is the policy holder for the Cook County Jail. Band on news-papers, Violated plaintiff's rights under the first and fourteenth Amendments. The Policy permits detainees to magazines, books, and other forms of papers and similar materials. The first Amendment right to receive protected materials. The County Knew about the deprivation, but failed to Correct the inadequate policy, amount to deliberate indifference.

(B) SALVADOR GODINEZ, Violated the plaintiff Amendments rights under the, under the Constitutional of the United States, for not providing the Corrections Staff with legal materials for Cook County, Jail Law libraries. It is Godinez Job to supervising the Corrections Staff and to make sure everything is secure in his facilities. He Knew about the inadequate policy and inadequate Law libraries by number of Law Suits and Complaint filed against Cook County Law libraries. Defendant did nothing after that to insure detainees Access to the Courts. That Constitutes deliberate indifference.

(C) V. ALEXANDER, Violated plaintiff first and fourteenth Amendments rights, and Violated the Judge Court order who mandated plaintiff to Cook County Law library for 2 days a week as long as he is in Custody at the Cook County Jail. An for failure to providing the Cook County Jail Law libraries with adequate materials, supplies Law book inventory to provide detainees with sufficient access to Legal research materials to prepare indigent pro se detainee pleadings appeals and other documents. And for failing to providing adequate Law libraries Clerks who are training to meet the minimus Constitutional requirements Standards, and for failing to providing detainees with adequate Computer Systems to aid detainees in Case Studies and research into legal process into litigating Legal matter.

The Administator Assistant V. Alexander, Knew about the inadequate Law libraries and inadequate assistance through the Administatine grievance board Procedure. She Signed detainee requests. She ignored a substantial risk of detainees being denied access to the Courts. She did nothing to secure detainees first & fourteenth Amendment right. Therefore, is prejudied by denial Courts access, which established deliberate indifference.

The County Jails are not exempt from requirement of law library access for inmates; those incaccerated in county jails for period of time sufficient to petition the courts are entitled to access, and confinement in Jail for eight months was sufficient to trigger right of Court access. U.S.C.A. Const. Amends 1, 14.

Jackson V. Procunier, 789 F. 2d 367, 316 5th Cir. (1986). Prisoners 685 retain their Constitutional right to Court access, and that access must be adequate, effective, and meaningful. Bounds V. Smith, 430 U.S. 817, 97 S. Ct. 1491, 82 72 (1977).

(D) L. COPPER, is Supervisor of the Cook County Jail Lawlibraries. She Violated Plaintiff fourteenth Amendment rights by failing to providing the Lawlibraries with adequate Suplies for detainees. She failing to reschedule plaintiff whe he was double scheduled or when he had Courte Calls, and she failing to correct the problems in the Law libraries. She Knew about the inadequate Assistance, and inadequate law libraries. Plaintiff spoke to Mrs/Ms. Copper, in person on several occasions about the Law libraries, when she came to the Law Libraries in divison 1. and divison 10 in 2007. Plaintiff also wrote letters to Supervisor Copper, and Supervisor Ms. Roshanda Carroll, and Supervisor LeRoy Warren, and Administator V. Alexander program services in 2007 Outlining the Misconduct of the Lawlibraries, deprivation, inadequate and inadequate Assitance. These Supervisors was aware of these problems and risk to detainees being denied access to the Courts. They ignored the risk and did nothing to correct these problems. That sincerely Constitutes deliberate indifference.

(E) CARMELLA K. RICHARDSON, is a Clerk for divison 1 Law library. She Violated plaintiff fourteenth Amendment rights for not providing him adequate assentance Mrs / Ms. Richardson, was aware of the inadequate Law library and inadequate assentance, because she work there, and detainees help to make her aware of these problems by Complained to her. She Knew the risk detainees being denied access to the Courts. She ignored the risk and made no effort to help Change the Situation. Therefore that surely Constitutes deliberate Indifference.

(f.) Ms. JONES, is a Clerk for divison 10 & divison 1. Law libraries She Violated plaintiff fourteenth Amendment rights for not providing him adequate assentance She denied photocopying for materials to go to the Courts. She Knew the risk being denied Access to the Courts. She ignored the risk, and said you Can Sue me to and be sure to put "s" on Jones, because I don't have any money. That Constitutes deliberate indifference. She also Violated my first, and Fifth Amendment for reading my Confidential legal materials.

(G). MARETTA C. LAKE, is a Clerk for divison 5 Law library & divison 1 Law library. She Violated plaintiff fourteen Amendant right for not providing him Adequate assentance. She was rude and unprofessional. She also Violated her right under the Constitutional. Ms. Lake, violated plaintiff fourteenth Amendment for harassment and interfering in the Legal process. Upon information and belief she were elaborating with the State Attorney about plaintiff Criminal Case out of evil intent reckless and callous indifference to the plaintiff rights, which amount to deliberate indifference (She also Violated the first Amen The plaintiff made the administrative aware of the deprivation, and harassment by filed a grievance against Ms. Lake, and by writing letters to the Administartion, program services and Supervisor Alexander, Roshanda Carroll, Mr. Mueller, and the institition Counlor John Howard. The administartive ignored plaintiff requests, and did nothing to address Ms. Lake, behavior. Constitutes deliberate indifference. These events is dating as far back as August 2006. Plaintiff have filed over 30 grievances & Appeals, and written letters to over 70 Agencies. All time relevant to the events described in this Complaint. These defendants have acted under the Color of State Law. Actions of all these defendants for not providing adequate Law libraries They was made aware of all the deprivations in this Complaint, and did nothing to protect plaintiff's 14th Amendment right, access to the Courts constitute deliberate indifference

28

EXHAUSTED

*single.)*

① In August 2006 Judge Simmons, the Criminal Judge, allowed me to go prose
in my Criminal Case, and mandated me to the Cook County Law Library for 2 days
Week Pos as long as I am housed in the Cook County Jail. I also went prose in my civil
Case in September 2007. The Cook County defendants had violated the Judge Court order.
and the Plaintiff Constitutional rights, and their own duties under the Constitution. The
Inadequate Law libraries, and inadequate assentance, deprivation, harrassment, interfering
with the Legal pro cess, and deprived plaintiff of the basic materials at his disposal
which have resulted into injuries, unconstitutional Acts, denying plaintiff Access to the
Courts.

② Plaintiff have written over 80 letters to difference organizations Agencies outlining the violat
ions and deprivations I've suffered since my tenture in the Cook County Law libraries. I've
made Copies of these various letters that I written an received from difference organizations
in and outside the insitution. I also filed grievances and appeals through the administrative
grievance board procedure to make the defendants aware of the unconstitutional Acts
regarding to the matter described in this Complaint. unfortunately, plaintiff found no relief
I have included these photo copies of the grievance, appeal, and letters to be entered as
exhibit A & B, for evidences.

RELIEF.

WHEREFORE! Plaintiff respectfully prays that this Court:

A. Declare that the and omissions described herein violated plaintiff's right under the Con-
stitution and the Law of the United state.

B. Find the defendants Cook COUNTY, ILLINOIS, and THOMAS BART, SALVADOR GODINEZ,
V. ALEXANDER, L. HOPPER, MARETTA L. LAKE, CARMELLA K. RICHARDSON, and Ms. JONES

C. To issue a permanent injunction requiring the County Jail to maintain adequate
Law libraries. provided At County expense Books up dated, papers, pens, Assistance from
Clerks trained in the Law. and to draft legal documents, with notarial services to authen-
ticate them and stamps to mail them and to honor the Judges Court orders. And to fix
whatever correction needed to make the Cook County Law libraries safe and to meet the
constitutional minimum requirement standards.

D. To find all the above defendants liable for damages for the deprivations that the plaintiff
has suffered and continues to suffer. Sue in their individual and official capacities jointly
and severally. (1). Award Compensatory damages in the amount of ___350,000___
(2). punitive damages in the amount of ___250,000___ And Nominal damages in the amount of
___1,000___ Trial by Jury, Court Costs, plaintiff Costs, and any other additional relief, the court have
to offer.)...Lawyer Costs.

VERIFICATION

I have read the fore going complaint and hereby verify that the matter alleged therein are true, except
As to matter alleged an information and belief and as to those I believe them to be true, certify under
penalty of perjury that the foregoing is true and correct.   Signature _Bobby Lee Harrison_

Date _March 10, 2008._

Bobby Lee Harrison ID 20040072892
Division 10 — 2C Tier
P.o. Box 089002
Chicago Illinois 60608.