**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY - 9 2008
May 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Bobby Lee Harrison           )
                             )           08cv2140
-vs-                         )           Case No: 08C 2140
                             )
County of Cook, Illinois     )           Judge: MATHEW F. KENNELLY
Thomas Dart, SALVADOR GODINEZ,
V. ALEXANDER, L. HOPPER,
CARMELLA K. RICHARDSON,
MARETTA C. LAKE, and          **MOTION FOR APPOINTMENT OF COUNSEL**
Ms JONES.


    Now comes the plaintiff, Bobby Lee Harrison, pro se pursuant to 28 U.S.C. 1915 (e)(1). He respectfully moves this honorable court to enter an order providing that the plaintiff shall be appointed counsel to represent him in his civil right case against the Cook County Department of Corrections. In support of his motion the plaintiff alleges:

    1). That he is a citizen of the State of Illinois. And a pretrial detainee currently in the custody of the Cook County Department of Corrections (CCDOC) and housed at the Cook County Jail located 2600 s. California Avenue, Chicago, Illinois. The plaintiff was admitted to the Cook County Jail on September 7, 2004 and has remained in custody since then and currently is being held in division 10 of the Cook County Jail.

    2). Plaintiff is pro se in his criminal and civil cases, has been since August of 2006. He is no match for the state of Illinois or the County's corperation counsel.

    3). Plaintiff was in special ed in school because of his learning disability and only completed the eighth grade.

    4). Plaintiff takes six different types of medications on a daily basis for his physical and mental illnesses. Plaintiff is not capable of representing himself in any legal manner nor litigating his cause. The mental stress and heavy burden often result in him experiencing psychological and emotional distress.

    5). Plaintiff is indigent and has not been employeed since the early eighties due to his mental and physical disabilities. Further more he lacks the monetary means to hire an attorney from the private sector to represent him.

    6). Plaintiff is requesting a lawyer to represent him because they are trained in what the law says about your situation. What your legal options are, how to help you decide what's best for your case and how to present your case in the best way.

    7). In October 2006 Judge Simmons a circuit court Judge for the sixth district criminal division mandated the plaintiff to the Cook County Jail Law Library for two times a week. The County don't always honor the judge's order. For example

between Febuaray and June 2007 on Some occasions plaintiff was only called to the division one law library two or three times a month. On each occasion he shared one to two sessions that last for an hour and a half at a time and two sessions last for around three hours.

8). A pro se litigant is entitled to six to eight hours of law library time per week. In 2006 plaintiff requested more time from the law libraries staff and was denied.

9). Plaintiff have a constitutional right to have access to the courts, and access to the courts will not be adequate, effective or meaningful unless this court will appoint an attorney in his case. The defendants having the advantage of litigators with at least a master's degree in civil litigation will greatly disadvantage the plaintiff in his endeavors. They also have an entire law firm at their disposal to include para legals and investigators.

10). The State's Attorney will also have two lawyers sitting at their table if this matter goes to trial. They will provide support for each other and share the years of experience in trial practice. They will be the ears and eyes for one another and will have the opportunity to consult with each other during the trial as well as during there trial preparation.

11). The inadequate law libraries, Assistance, computer systems and the deprivations has hendered and limited the plaintiff's use of very limited materials that are at his disposal in the Jail law libraries.

12). Plaintiff has been denied postage, supplies, and legal materials. The law libraries staff informed the plaintiff he would have to pay for photo copies that exceeded sixty. Everything over that would cost him five cent each despite him being indigent and when the plaintiff did receive money on the books it was taken.

13). Around October of 2007 the County took all of the detainees regualar writting pens and restocked the commisary with new writting pens approximately three inches long inserted into a soft clear plastic flexible tube, which is very difficult to use.

14). In January 2008 or a little before the County installed a new computer system for the law libraries. The computer system doesn't have the ability to pull up cases from out of state, or Supreme Court cases. The law library clerk said it was junk and hendering detainees from litigating there legal matters in a court of law. There have also been a lot of pages torn out of legal books in the law library and they are making no attempts to replace the books or the torn out pages. This forces the detainees to try and seek outside help if any is available.

15). Plaintiff was prescribed a pair of bifoucals around July 2007. They were the wrong prescription resulting in him not being able to see out of them at all. Upon informing Dr. Dunlap of this she refused to reschedule the plaintiff to see the Optomologist to be refitted for bifoucals and plaintiff are forced to use his old prescription which only have one eye lens in it causing him to go blind in one eye.

16). In November 2007 Ms. Marla shade Harris, from Schiff Hardin Law firm attempted to mail a pair of glasses to the plaintiff in care of the social worker, Ms. Buttler and in fact they were intercepted by her supervisor Mr. John Mueller who inturn

denied the plaintiff the reading glasses. He later stated to Ms. Shade Harris that detainees are only allowed prescription glasses when they are prescribed by a doctor at the jail. And he further stated that in order to obtain glasses of any sort they must be prescribed by a doctor here at the jail or at Cermak Health Services.

      17). On numerous occasions when the plaintiff had money in his account to purchase glasses from the commissary at the reading strength of 2.75 I was again denied. The plaintiff tried again on March 13/20 and the 27 as well as April 3rd and 10th of 2008. The plaintiff is not sure if they still sale glasses at the jail.

      18). Plaintiff have exhausted all available administrative remedies regarding the matter described in this motion. Plaintiff has written letters to different organizations and agencies outlinnig the misconduct and deprivations he experienced in the Cook County Jail. Plaintiff made copies of these various letters that he has written. He has also filed numerous greivances pertaining to his problems and have attached them in the form of exhibits a thru f.

      Wherefore the plaintiff respectfully prays that this court will see the need for appointment of counsel and he cites. BARNHILL V. DOIRON 958 F 2D 200,202 (7th Cir 1992) would serve the interest of justice in plaintiff case to be represented by counsel, due to the plaintiff's diabilities and disadvantages.

RESPECTFULLY, SUBMITTED

*Bobby Lee Harrison*