## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2140 | **DATE** | May 27, 2008 |
| **CASE TITLE** | Bobby Lee Harrison (#2004-0072892) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [document nos. 9 and 14] is granted. The Court authorizes Cook County Jail officials to deduct $1.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety. Plaintiff's motions for appointment of counsel [document nos. 7, 15 and 16] are denied at this time.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, the county and jail officials, have violated Plaintiff's constitutional rights by interfering with his access to the Courts. More specifically, Plaintiff complains about a purportedly inadequate law library, lack of legal assistance, refusal to process his grievances, harassment on account of his litigation, denial of postage and photocopying, and inspection of his legal documents outside his presence, all of which allegedly inhibit his ability to litigate.

    Plaintiff's motions for leave to proceed *in forma pauperis* are granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States

**(CONTINUED)**

mjm

**STATEMENT (continued)**

District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file does not satisfy basic pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's rambling, single-spaced, 29-page complaint is far too prolix to meet the "short and plain" requirement.

Conversely, even under basic notice pleading requirements, an inmate claiming a denial of access to the courts must identify in his complaint how he was prejudiced by the alleged denial of access. *See, e.g., Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Plaintiff has not done so in his complaint, at least not in any clear and concise way.

The Court notes that Plaintiff has been able to press five lawsuits in this district alone since August 2006. The fact that Plaintiff has pursued multiple lawsuits would seem to belie any inference that he has been denied meaningful access to the Courts. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998): "ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim." Plaintiff may therefore wish to consider the provisions of 28 U.S.C. § 1915(g) before deciding whether to pursue this lawsuit. Under that statute, a prisoner who has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Assuming Plaintiff wishes to proceed with this lawsuit, he is granted thirty days in which to submit an amended complaint. The amended complaint need not and should not catalogue a day-by-day account of the various incidents leading up to this lawsuit; rather, Plaintiff is required only to outline a basic time frame and set forth his basic claims (for example, "The law library does not have the books I need;" "There are no inmate law clerks to assist me in the preparation and filing of lawsuits;" etc.). Plaintiff must also identify how he was harmed in connection with some pending or contemplated lawsuit (a missed deadline, a case lost, or some other concrete injury stemming from the alleged denial of access to the courts). Plaintiff presumably has counsel in his pending criminal case; therefore, he cannot claim a denial of access to the courts in connection with his criminal prosecution. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988); *Moore v. Monahan*, No. 06 C 6088, 2008 WL 111299, at *6 (N.D. Ill. Jan. 10, 2008) (St. Eve, J.).

Plaintiff's must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.** If Plaintiff cannot fit his claims into the space provided on the Court's **(CONTINUED)**

## STATEMENT

amended complaint form, he must file a motion for leave to incorporate additional pages explaining why additional pages are necessary.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

Finally, Plaintiff's multiple motions for appointment of counsel are denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, a frequent litigator, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motions for appointment of counsel are denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.