

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

BOBBY LEE HARRISON  
PLAINTIFF  

vs.  

COUNTY OF COOK, et al.

Judge name: MATTHEW F. KENNELLY  
Case #: 08C 2140  
Lawyer name: Michael Robinson Cody  
Schiff Hard LLP.

**FILED**  
JUL 7 2008 aew  
Jul 7, 2008  
MICHAEL W. DOBBINS  
CLERK, U.S. DISTRICT COURT

## MOTION FOR AN EXTENSION OF TIME

The Plaintiff Bobby Lee Harrison, pro se, moves this Honorable Court for an extension of time. In support of his motion, Plaintiff states:

(1) That for the last two (2) months the ARA Mark Commissary has not had any ink pens or pencils available for purchase on their Commissary, which hendered pro se detainees access to the Courts. Plaintiff has notified the head officials about the unreasonable restricted and I also filed grievances against this unconstitutional restricted act. Despite all of that the plaintiff have not receive any adequate response, and the copy of grievances have not been return to me.

(2) There isn't any notice posted informing us of any temeprary accommodations. The plaintiff does not have any experiencing in typing are Computers.

(3) Without ink pens or pencils the plaintiff can not meet the July deadline to Amended his Complaint

(4) Because of that the Plaintiff is requesting a thirty (30) day extension to Amend his Complaint

WHEREFORE, plaintiff prays that the Court will see the need for the 30 days extension and grant his Motion.

Respectfully submitted, this 29th of June 2008

Bobby Lee Harrison  
Bobby Lee Harrison

Order Form (01/2005)

Case 1:08-cv-00920   Document 15   Filed 06/17/2008   Page 1 of 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 0920 | DATE | June 17, 2008 |
| CASE TITLE | Bobby Lee Harrison (#2004-0072892) vs. County of Cook, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety. Plaintiff's motion for appointment of counsel [#4] is denied at this time.

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County and jail officials, have violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, Plaintiff alleges illegal lockdowns, inadequate heating and ventilation, improper lighting, pest infestation, an unsanitary environment, incessant noise, inconsistent distribution of prescribed medications, a lack of hot water, denial of laundry services, exposure to second-hand smoke, and insufficient outdoor exercise, among other living conditions at the jail he finds intolerable.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file does not satisfy basic pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's rambling, single-spaced, 25-page complaint is far too prolix to meet the "short and plain" requirement.

Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint need not and should not list every aspect Plaintiff does not like about jail; rather, the amended complaint should limit itself to alleged violations of Plaintiff's constitutional rights.

In addition, the amended complaint must set forth only deprivations that Plaintiff has himself personally experienced. Alleged wrongs against other detainees that Plaintiff may have witnessed or heard about are irrelevant to this case. Plaintiff, an incarcerated non-lawyer, may not represent fellow detainees. *See, e.g., Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam).

It also appears that Plaintiff has misjoined claims regarding two different jail divisions. Although Plaintiff seems to be challenging the totality of the conditions of his confinement at the jail, his diffuse allegations about two different cellhouses would presumably implicate largely distinct groups of Defendants. Plaintiff must therefore file separate actions relating to his treatment in different jailhouses. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For the foregoing reasons, Plaintiff is granted thirty days in which to submit an amended complaint that is limited to: (1) matters of constitutional magnitude; (2) Plaintiff's own, personal claims and not those of other inmates; and (3) incidents that involve a core nucleus of facts in connection with a single jail division. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint. If Plaintiff cannot fit his claims into the space provided on the Court's amended complaint form, he must file a motion for leave to incorporate additional pages explaining why additional pages are necessary.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.
**(CONTINUED)**

## STATEMENT

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. See *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), citing 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; see also Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. See *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), citing *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, a frequent litigator, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motions for appointment of counsel are denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Finally, Plaintiff's motion for class certification is denied at this time. Under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The burden is on the party seeking class certification to establish each of these elements. See, e.g., *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

At this stage of the proceedings, without a clearer understanding of Plaintiff's basic claims, the Court cannot determine whether class certification is appropriate, or whether Plaintiff's claims are encompassed by *Duran v. Brown*, Case No. 74 C 2949 (N.D. Ill.), a class action by pretrial detainees at the Cook County Jail already pending before Judge Kendall of this district.

**(CONTINUED)**

## STATEMENT

Another factor weighing against class certification is the adequacy of representation. The qualifications and experience of the person conducting the litigation is a consideration in class certification. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *see also Jackson v. National Action Financial Services, Inc.*, 227 F.R.D. 284, 289 n. 6 (N.D. Ill. 2005) (Castillo, J.); *Mendez v. M.R.S. Associates*, No. 03 C 6753, 2004 WL 1745779, at *5 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.) Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class. *See, e.g., Pavone v. Aegis Lending Corp.*, No. 05 C 5129, 2006 WL 2536632, at *3 (N.D. Ill Aug. 31, 2006) (Aspen, J.).

Notwithstanding Plaintiff's significant litigation experience, because a layperson does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See, e.g., Turner-EL v. Illinois Bd. of Educ.*, No. 93 C 4918, 1995 WL 506011, at *5 (N.D. Ill. Aug. 22, 1995) (Moran, J.); *Lasley v. Godinez*, 833 F. Supp. 714, 715 n. 1 (N.D. Ill. 1993) (Aspen J.) (*pro se* prisoners could not adequately represent class of inmates). Given Plaintiff's *pro se* status, the Court concludes that it would be improper to certify a class in this case at this time. If, as the case develops, it appears that Plaintiff's claims have a substantial factual basis demonstrating potential legal merit, the Court will consider appointing counsel on Plaintiff's behalf. Whether to seek certification of a class at that time would be a decision for appointed counsel. For these reasons, Plaintiff's motion for class certification is denied, without prejudice.

Part-A / Control #: _____ X _____

Referred To: _____

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Bobby Lee Harrison #. 20040072892.

Detainee Last Name: **GROUP GRIEVANCE**  First Name: **GROUP GRIEVANCE**

ID #: ___-___-___   Div.: 10   Living Unit: 1-A   Date: 6/15/08

BRIEF SUMMARY OF THE COMPLAINT: "THROUGOUT THE MONTH OF MAY, AND BEGINNING AT THE VERY END OF APRIL, EVEN UP UNTIL THIS PRESENT DAY OF JUNE 15, 2008." THE COMMISSARY (ARAMARK) HAS NOT BEEN ALLOWING THE DETAINEES TO PURCHASE PENS FOR WRITING PURPOSES, EACH TIME WE INITIALLY MARK OUR COMMISSARY ORDER SHEETS FOR US TO RECEIVE (INK PENS) ON EACH OCCASION ARAMARK HAVE DISPLAYED THE LETTER (R) MEANING IN AN OBVIOUS SENSE THAT THE PARTICULAR ITEM HAS BEEN RESTRICTED." SEVERAL TIMES WE HAVE SPOKEN TO DIFFERENT OFFICIALS. FURTHERMORE WE MADE AN ATTEMPT TO SPEAK TO SOMEONE OF HIGHER AUTHORITY, SO THAT OUR ANTICIPATION TO HAVE THE SITUATION RESOLVED WOULD BE ADDRESSED AS SOON AS POSSIBLE. THE FIRST ATTENDING OFFICIAL INFORMED WAS THE SUPERINTENDENT OF (DIVISION 10) ALONG WITH CHEIF "PLAXICO." ON BEHALF OF THE COMPLAINT THE SUPERINTENDENTS RESPONSE HE GAV MENTIONED THAT HIS ATTEMPT TO RESOLVE THE COMPLAINT OR TO FIND OUT ABOUT THE DISTRIBUTION OF INK PENS THAT DETAINEES ORDER OFF THE COMMISSARY, HAS SINCE REMAINED FUTILE." HE MENTIONED THAT THEIR RESPONSE WAS SUDDEN. BECAUSE THEY CLAIMED THAT THEY WERE NOT POSTING RESTRICTIONS ON INK PENS... THERE HAS BEEN NO WORD YET, NOR ANY BULLENTINS POSTED FOR OBSERVATION. BY MAKING US AWARE THAT THE ISSUE IS, OR HAS BEEN ADDRESSED; SINCE IT WAS BRUNG TO THE ATTENTION OF PLAXICO, THE SUPERINTENDENT, AND OTHER LAITY WITHIN THE ADMINISTRATION. DETAINEES HAVE BEEN SORELY HINDERED FROM COMPLETING PERSONAL, AND ALSO LEGAL RESPONSIBILITIES. WE CANT SEEM TO UNDERSTAND HOW SOMETHING SO SIGNIFICANT, AS AN INSTRUMENT TO ASSIST PRACTICALLY ANYONE WITH CREATIVE SERVICE, HAVE GONE UNNOTICED FOR THE PERIOD OF TIME IT HAS PROGRESSE

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:
"Detainees Are Requesting Immediate Action in this Matte

DETAINEE SIGNATURE: Group Signatures

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: ___/___/___

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

PICK TICKET

```
Facility: COOK COUNTY JAIL
 Shipped: 06/11/2008 10:23
  Order#: 1948050
     Loc: DIV 10
          BL/BU 01
          T/D A
          C/B 23
    Name: HARRISON, BOBBIE
  Number: 20040072892
```

# 20 Items

| QTY | PLU | Item | Sub | Tax | R |
|---|---|---|---|---|---|
| 1 | 8005 | ATMIC FIRE BALLS | 0.97 | 0.00 | |
| 2 | 1031 | SOAP - JERGENS | 1.80 | 0.00 | |
| 1 | 8001 | BTRSCTCH BUTTONS | 0.97 | 0.00 | |
| 10 | 9011 | PB COOKIE | 6.00 | 0.00 | |
| 3 | 3050 | CHIPS - REG | 2.34 | 0.00 | |
| 1 | 7004 | OATMEAL SANDWICH | 1.65 | 0.00 | |
| 0 | 1026 | CRM SHAVE DEPIL | 0.00 | 0.00 | N |
| 0 | 6003 | PEN-PLSTC | 0.00 | 0.00 | R |
| 1 | 3063 | BACONETTES | 0.78 | 0.00 | |
| 1 | 7003 | PEANUT BTR BARS | 1.65 | 0.00 | |

20 Items Total

```
    Partial Order Key:
 (R)-Restricted Item (N)-Inmate Out of Funds
      Subtotal: $     16.16
           Tax: $      0.00
         Total: $     16.16
       Balance: $      0.12
```

INMATE COPY

PICK TICKET

```
Facility: COOK COUNTY JAIL
 Shipped: 06/04/2008 10:47
  Order#: 1941414
     Loc: DIV 10
          BL/BU 01
          T/D A
          C/B 23
    Name: HARRISON, BOBBIE
  Number: 20040072892
```

## 43 Items

| QTY | PLU | Item | Sub | Tax | R |
|---|---|---|---|---|---|
| 1 | 8002 | JOLLY RNCHR-ASST | 0.97 | 0.00 | |
| 1 | 9201 | STAMPS | 4.10 | 0.00 | |
| 1 | 6015 | DETERGENT | 0.60 | 0.00 | |
| 1 | 8005 | ATMIC FIRE BALLS | 0.97 | 0.00 | |
| 2 | 1031 | SOAP - JERGENS | 1.80 | 0.00 | |
| 2 | 8008 | BABY RUTH | 1.60 | 0.00 | |
| 1 | 1019 | BABY POWDER | 1.70 | 0.00 | |
| 2 | 7009 | HONEY BUNS | 2.00 | 0.00 | |
| 2 | 8001 | BTRSCTCH BUTTONS | 1.94 | 0.00 | |
| 1 | 1051 | SHOWER CAP | 0.27 | 0.00 | |
| 3 | 3050 | CHIPS - REG | 2.34 | 0.00 | |
| 2 | 7004 | OATMEAL SANDWICH | 3.30 | 0.00 | |
| 1 | 5005 | SUGAR SUBSTITUTE | 0.17 | 0.00 | |
| 1 | 5010 | ORANGE BKFST DR | 1.40 | 0.00 | |
| 1 | 7120 | STRAWBRY JELLY | 2.20 | 0.00 | |
| 0 | 6003 | PEN-PLSTC | 0.00 | 0.00 | R |
| 1 | 1034 | MOUTHWSH-MINT | 1.50 | 0.00 | |
| 1 | 3063 | BACONETTES | 0.78 | 0.00 | |
| 2 | 7003 | PEANUT BTR BARS | 3.30 | 0.00 | |
| 4 | 5003 | SUGAR | 1.60 | 0.00 | |
| 1 | 5001 | COFFEE - DECAF | 2.75 | 0.00 | |
| 3 | 3060 | CHEETOS - HOT | 2.34 | 0.00 | |
| 4 | 7118 | PNUT BTR-SINGLE | 1.72 | 0.00 | |
| 1 | 5019 | TEA | 2.50 | 0.00 | |
| 4 | 3021 | SUNFLOWER KERNALS | 2.40 | 0.00 | |

43 Items Total

```
     Partial Order Key:
     (R)-Restricted Item
        Subtotal: $      44.25
             Tax: $       0.00
           Total: $      44.25
         Balance: $      25.76
```

INMATE COPY

TOMAS DART
26 & California Ave
Cook County Jail
Chicago, Illinois

June 7, 2008

Bobby Lee Harrison
2004 007 2892
Div 10 1-A
P.O. Box 089002
Chicago Illinois 60608

Dear Thomas, DART,

or to whomever this letter may concern. I Bobby LEE Harrison, is writing this letter pertaining to ARAMARK Commisary for not providing ink pens on their Commisary.
However, for the last passed six weeks there has not been any ink pens available for purchase, which states as being restricted. There isn't any notice posted informing us of any temeorary accomodations. I am a civil & prose litigant and without this important element will results in being denied access to the Courts. Please prompt response from the Administration is anticipated by the detainees here in the Dept of Corrections.

Respectfully submitted on this 7th day of June 2008

Bobby Lee Harrison
Signature