## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2140 | **DATE** | August 15, 2008 |
| **CASE TITLE** | Bobby Lee Harrison (#2004-0072892) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's "motion of facts" [#30] is denied. The case is dismissed pursuant to Fed. R. Civ. P. 41(b) for failure of the Plaintiff to submit an amended complaint as directed. The Clerk is directed to enter judgment dismissing this action.

■ [**For further details see text below.**]    Docketing to mail notices.

### STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, the county and jail officials, have violated Plaintiff's constitutional rights by interfering with his access to the Courts.

By Minute Order of May 27, 2008, the Court granted Plaintiff leave to proceed *in forma pauperis* but directed him to submit an amended complaint (plus judge's and service copies) showing prejudice to a pending or contemplated civil or criminal case. *See, e.g., Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (even under basic notice pleading, an inmate claiming a denial of access to the courts must specifically allege how the denial prejudiced him). Although granted three extensions of time in which to do so, Plaintiff has failed to submit an amended complaint as directed.

In his "motion of facts," Plaintiff once again asserts that pens are not currently available for purchase in the prison commissary and that pencils are considered contraband; he additionally asserts that he is unable to obtain postage. However, the Court has repeatedly advised Plaintiff that pleadings may be typed or written either in pen or ink. Furthermore, the purported lack of writing implements and postage has not prevented the plaintiff from filing multiple letters and motions either in this case (*see* docket entries 20, 21, 23, 24, 26, 27, and 30), or in *Harrison v. County of Cook*, Case No. 08 C 0920 (N.D. Ill.) (*see* docket entry 17). In fact, Plaintiff has **(CONTINUED)**

mjm

**STATEMENT (continued)**

managed to initiate two new lawsuits during the time period in question. *See Harrison v. County of Cook*, Case No. 08 C 2765 (N.D. Ill.) (suit filed May 13, 2008) and *Harrison v. County of Cook*, Case No. 08 C 3202 (N.D. Ill.) (suit initiated June 3, 2008). Plaintiff's professed inability to meet filing requirements is without foundation.

The Court additionally notes that Plaintiff has been able to press six lawsuits in this district alone since August 2006 (three of them in the past four months). The fact that Plaintiff has pursued multiple lawsuits would seem to belie any inference that he has been denied meaningful access to the Courts. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998): "ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim."

For the foregoing reasons, the case is dismissed pursuant to Fed. R. Civ. P. 41(b).